ALLEN H. AINSCOW and SANITARY COMPANY OF AMERICA, a corporation of the State of Delaware,

*vs.*

WILLIAM S. POTTER, Receiver of and for CONSOLIDATED MANAGEMENT ASSOCIATION, a Delaware corporation.

*New Castle, July* 22, 1937.

*Ivan Culbertson,* for complainant.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for defendant.

THE CHANCELLOR: The bill seeks the cancellation of forty-five hundred shares of no-par value common stock of Sanitary Company of America (herein called Sanitary), two thousand of which are held by William S. Potter, Receiver of Consolidated Management Association (herein called Consolidated), and twenty-five hundred shares of which are held by Sanitary itself. The block of twenty-five hundred shares was purchased by Sanitary from Consolidated before a receiver was appointed for Consolidated.

When Consolidated acquired the forty-five hundred shares now sought to be cancelled, is not definitely shown. It is shown that a company known as H. A. Stone and

Company in 1922 acquired six thousand shares of no-par stock from another and older Sanitary Company, which became merged into the present one. The shares so acquired became, by reason of the merger, the shares of Sanitary, the complainant herein. In the same year another company, known as General Stabilizing and Guaranty Fund, Inc., organized and controlled by H. A. Stone and Company, acquired a block of fifteen hundred similar shares which likewise, by reason of the merger, became the shares of Sanitary, the complainant herein.

These two blocks of stock, aggregating seventy-five hundred shares, were acquired directly from the issuing company as shares of original issue, and were purchased by the Stone Company and by General Stabilizing respectively under separate and distinct contracts.

As a result of events not necessary in the present connection to detail, all the assets of the Stone Company and of General Stabilizing came into the possession and ownership of Consolidated.

The forty-five hundred shares of Sanitary now sought to be cancelled were among these assets. Whether they are traceable entirely from the six thousand shares which the Stone Company had owned, or they are traceable in part to any of the fifteen hundred shares which General Stabilizing had owned and the balance to the Stone Company block, it is impossible for the court to say. So far as appears all of the forty-five hundred shares may have come out of the six thousand share block which Stone and Company had owned. It cannot be presumed in favor of the complainants, who have the burden of proving all of the facts material to sustain their case, that the forty-five hundred shares did not derive exclusively from that source.

The complainants contend that both the six thousand share block received by the Stone Company and the fifteen hundred share block received by General Stabilizing were

issued for an unlawful consideration and therefore were subject to cancellation in the hands of the original recipients.

Since the court cannot presume in favor of the complainants that the forty-five hundred shares did not come out of Stone and Company's former six thousand shares, it is enough for the purposes of this case, in view of what follows, to examine solely the question of whether the consideration which Stone and Company gave for the six thousand shares was a consideration which the law of this State recognizes as legal. On that point I have no doubt. The facts surrounding the transaction were as follows:

Stone and Company had acquired an option to purchase through stock control the plants and business of another concern for something over $260,000. It had paid the proposed seller $50,000 on account of the price. It sold its contract to Sanitary for six thousand of the latter's no-par value stock and $6,445.33 in cash. It thus appears that while an option contract was sold by the Stone Company to Sanitary, yet in fact the Stone Company also sold a fifty thousand dollar credit which it had laid out in the form of cash. Sanitary bought that credit. Taking therefrom the cash payment of $6,445.33, there was left as consideration for the six thousand shares the sum of $43,554.67. This last amount may be regarded as a cash payment by Stone and Company to Sanitary, the equivalent of over $7 per share of stock purchased.

It does not seem to admit of doubt, that the quality of the consideration, which is the only feature thereof under attack, amply meets the test of the law. The bill should be dismissed.

Decree accordingly.